# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>) | CRIMINAL NO. 3:2007-5 |
| v. )<br>)<br>) | |
| TYRONE D. WILLIAMS, )<br>) | JUDGE GIBSON |
| )<br>Defendant. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

This matter comes before the Court on the United States' Rule 404(b) Notice and Motion *in Limine* (Document No. 115) and the Defendant's Motion *in Limine* with Citations (Document No. 116). Jury selection is scheduled for Friday, November 14, 2008. Opening statements and the reception of testimony commence on Tuesday, November 18, 2008.

### United States' Rule 404(b) Notice and Motion in Limine (Document No. 115)

> **b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b).

The United States indicates various areas in which it will seek to introduce evidence that it believes is intrinsic to the crime charged (that is to say it is not subject to the requirements of Rule

404(b)) and other evidence that it believes to be extrinsic to the crime charged (meaning it is subject to the requirements of Rule 404(b)).

The leading case in this district concerning Rule 404(b) and the understanding of intrinsic and extrinsic evidence is *United States v. Conley*, 878 F.Supp. 751 (W.D.Pa. 1994). In *Conley*, Judge Lee cites *United States v. Berry* in order to explain the distinction between extrinsic and intrinsic evidence:

> The distinction between evidence of "intrinsic" acts and evidence of "extrinsic" acts is crucial and sometimes subtle. Rule 404(b) only applies to evidence of acts extrinsic to the charged crime. *United States v. Record*, 873 F.2d 1363, 1372 n. 5 (10th Cir.1989). Conversely, acts intrinsic to the crimes charged are not excludable under 404(b). An uncharged act may not be extrinsic if: (1) The act was part of the scheme for which a defendant is being prosecuted; *Record*, 873 F.2d at 1372 n. 5, or (2) The act was "inextricably intertwined with the charged crime such that a witness' testimony 'would have been confusing and incomplete without mention of the prior act.' " *Record*, 873 F.2d at 1372 n. 5 (quoting *United States v. Richardson*, 764 F.2d 1514, 1521-22 (11th Cir.), cert. denied, 474 U.S. 952 [106 S.Ct. 320, 88 L.Ed.2d 303] (1985).

*United States v. Conley*, 878 F.Supp. 751, 754 (W.D.Pa. 1994)(citing *United States v. Berry*, 1992 WL 372181, *3 (D.Kan. Nov. 23, 1992)). The Court must first separate the intrinsic evidence from the extrinsic evidence before proceeding to a Rule 404(b) analysis.

The Court finds that the following is evidence of intrinsic acts: possession of the ammunition in the safe, the transportation of the Defendant to the hospital and his later escape therefrom, the Defendant's alleged acts of domestic violence which resulted in the police presence at 202 Hickory Street. The Court finds that the act of possessing the ammunition is "part of the scheme" of the Defendant and that the acts of the Defendant's transport to and escape from the hospital and his alleged acts of domestic violence are "inextricably intertwined with the charged crime....". These three acts are admissible as being intrinsic to the crime charged and are not subject to Federal Rule of Evidence

2

404(b).

The remaining pieces of evidence and described acts are extrinsic to the crime charged because they are either a piece of evidence, not an *act* that can be intrinsic to the crime or they are an act that unrelated to the crime charged or unnecessary to an understanding of a witness's testimony. Therefore, we turn to the four part test for evaluating the admissibility of potential Rule 404(b) evidence in order to evaluate this evidence.

Four requirements must be met before evidence is admitted under Rule 404(b): "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under [Federal Rule of Evidence] 402; (3) its probative value must outweigh its prejudicial effect under [Federal Rule of Evidence] 403; and (4) the [district] court must charge the jury to consider the evidence only for the limited purposes for which it was admitted." *Becker v. ARCO Chemical Co.*, 207 F.3d 176, 189 (3d Cir. 2000)(citations omitted); *see also United States v. Lopez*, 340 F.3d 169, 173 (3d Cir. 2003). The Third Circuit has recognized that whatever the purpose for which the evidence is offered under Rule 404(b), the evidence can be admitted for that purpose based upon "some showing of a proper relevance." *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992). The Third Circuit has also found that:

> Rule 404(b) is a rule of inclusion rather than exclusion. *See United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir.1994). We favor the admission of evidence of other criminal conduct if such evidence is "relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime." *United States v. Long*, 574 F.2d 761, 765 (3d Cir.1978) (quoting *United States v. Stirone*, 262 F.2d 571, 576 (3d Cir.1958), *rev'd on other grounds*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)).

*United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003).

The first area of extrinsic evidence is the contents of the safe found in the Defendant's residence:

3

the heroin, the Black Guerilla Family handbook, the photographs of the Defendant possessing weapons.

First, the Black Guerilla family handbook is not an act that is intrinsic or extrinsic because it is not an act. The Government concedes that the handbook is "not evidence of other crimes or wrongs." United States' Notice and Motion, p. 4. The Court agrees. The Court finds that the handbook is inadmissible because it is not evidence of an intrinsic act and it is otherwise without any relation to extrinsic acts admissible under Rule 404(b). The United States has subsequently stipulated in its Response (Document No. 130), p. 4 that it will not seek to admit the handbook or evidence of the Defendant's "gang affiliation".

Second, the Court finds that the photographs of the Defendant or testimony regarding the Defendant's prior possession of firearms (including the threat to shoot a dog) relate to the Defendant's knowledge that a firearm was in his safe. This knowledge is critical to establishing the constructive possession case the United States is building against the Defendant, and thus relevant under Rule 402. This conclusion is consistent with the majority of cases cited by the Government in its Notice and Motion. *See United States v. Jernigan*, 341 F.3d 1273, 1281-1282 (11th Cir. 2003); *United States v. Cassell*, 292 F.3d 788, 793 (D.C.Cir. 2002); *United States v. Gomez*, 927 F.2d 1530, 1534 (11th Cir. 1991); *United States v. Pelusio*, 725 F.2d 161, 167-168 (2d Cir. 1983); *United States v. Tucker*, 2008 WL 2838758 at *2-3 (11th Cir. 2008); *United States v. Williams,* 177 Fed. Appx. 914, 923-924 (11th Cir. 2006); *United States v. Coleman,* 68 Fed. Appx. 300, 306 (3d Cir. 2003). The photographs and testimony of previous possession also serve a proper purpose for demonstrating an absence of mistake or accident. The Court also finds both pieces of evidence relevant under Rule 402 to establish an absence of mistake or accident as to the presence of the firearm in the safe. The Court understands the

4

Defendant's argument in its Motion in Limine regarding the photographs to be that because they are undated and because the photographs depict the Defendant possessing handguns different from the handgun in question and in a different location from 202 Hickory Street that such photographs would be irrelevant. Defendant's Motion, *infra*, pp. 2-3. However, the cases cited above dispel any such distinctions when considering the relevancy of prior possession of weapons by the Defendant. The Court assumes the photographs in question present evidence of the Defendant's prior handling of firearms because the photographs were found with the firearm in the safe and thus could not have been taken after the Defendant's arrest and absconding. The Defendant's prior possession of firearms, whenever it may have been, cuts against the idea that the Defendant never previously possessed weapons or is somehow averse to the possession of weapons such that he would not have them in his possession and the alleged possession is now some mistake or accident. Furthermore, the probative value outweighs any prejudicial effect under Rule 403 because the prejudice flowing from the photographs and testimony relate to the prejudice that comes from the fact that it is being introduced by the adverse party. Contrary to the Defendant's arguments, such prejudice does not qualify as "unfair" prejudice which is prohibited by Rule 403. *See McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 923 (3d Cir. 1985). As the United States cites in its Notice and Motion, page 12, "the term 'unfair prejudice' speaks to the capacity of some relevant evidence 'to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.' *Old Chief v. United States*, [519 U.S. 172, 180] (1997)." Finally, the Court will otherwise charge the jury using Third Circuit Model Criminal Jury Instruction 2.23 addressing Rule 404(b) evidence as to knowledge and absence of mistake or accident for these two pieces of evidence.

5

Third, the Court further agrees with the United States that the evidence of drug dealing by the Defendant and the discovery of drug paraphernalia in his residence (rubber bands, baggies, digital scale, letter regarding the cutting, packaging and price of heroin) and heroin in his safe presents Rule 404(b) evidence that demonstrates a motive and plan for the Defendant to possess the firearm found in the safe. This evidence is clearly relevant to the present charge in that it tends to demonstrate the Defendant's intent to possess the firearm and is not otherwise unfairly prejudicial under Rule 403. After introduction into evidence, the Court will again instruct the jury under Instruction 2.23 that the evidence can be considered for purposes of motive and plan.

Fourth, the Defendant's recorded telephone conversation (assuming it meets the standards of *United States v. Starks*, 515 F.2d 112, 122 (3d Cir. 1975) after presentation of a colorable attack by the Defendant as to authenticity of the audio recording) is also proper under Rule 404(b) for the purpose of demonstrating knowledge that the weapon was in the safe and an absence of mistake or accident with regard to the Defendant's possession of the firearm. This evidence is clearly relevant because it is alleged that the conversation contains reference to the fact that the firearm was removed from the Defendant's safe. The Court finds no unfair prejudice from this conversation which occurred after the crime in question. The Court will charge the jury under Instruction 2.23 with respect to the recorded conversation of the Defendant for purposes of knowledge and lack of mistake or accident. This ruling does not relate to the Defendant's Motion *In Limine* based upon *Starks* which will be addressed separately.

The Defendant's Response (Document No. 140) presents the argument that the Government's case is one of actual possession of the firearm by the Defendant, not constructive possession and that

6

because it deals with actual possession, questions of knowledge and absence of mistake or accident are not relevant to the United States' case. *See generally* Response. The Defendant cites *United States v. Linares*, 367 F.3d 941 (D.C.Cir. 2004) and *United States v. Jones*, 484 F.3d 783 (5th Cir. 2007) in support of this argument. The Court however disagrees. The evidence in the case sub judice does not place the firearm in question on the Defendant's person at any time on August 14 or August 15, 2005, but the firearm was in fact found in a locked safe, a key to which was alleged to be worn around the Defendant's neck. The Indictment charges that possession of the firearm was "On or about August 14, 2005...." The Defendant contends that he will not offer a defense that there was accidental or mistaken possession of the firearm and that he seeks only to put the United States to the task of proving its case beyond a reasonable doubt. Defendant's Response, p. 2. However, none of the proffers by the parties, none of the evidence from the suppression hearing and the resulting findings of fact of this Court and none of the motions or stipulations of counsel present evidence that the Defendant had the .44 caliber revolver in his hands or on his person on or about August 14, 2005. Therefore, the Government is only left with proving possession through the Defendant's exercise of control over the area where the weapon was found, *i.e.* constructive possession, on the date in question. *See* Third Circuit Model Criminal Jury Instruction 6.18.922G-4 cmt. (2007). Therefore, the Defendant has not convinced the Court that the Rule 404(b) evidence it has found to be admissible under the rule would not be relevant to the Government proving the necessary element of intent by demonstrating knowledge, or lack of mistake or accident because intent to possess is required in the absence of actual possession. *Jones* at 788.

Finally, the United States has presented a motion *in limine* seeking to exclude any questioning of one of its witnesses, Jessica Bailey. *See* Notice and Motion, p. 13-15. The United States indicates

7

that Bailey was indicted in a separate indictment for conspiracy to distribute controlled substances and distribution of controlled substances and agreed to cooperate with law enforcement and wear a recording device to assist them in the investigation of the conspiracy. *Id.* at 13-14. Later, Bailey was confronted by her co-conspirators regarding their suspicion of her cooperation with law enforcement and Bailey admitted to her cooperation. *Id.* at 14. The United States argues that Bailey's statements to law enforcement and her co-conspirators were not misrepresentations and any questioning regarding her credibility based upon her actions and statements (to law enforcement and her co-conspirators) should be prohibited. *Id.* at 14-15.

The Court agrees with the United States based upon its representations in its motion. The Court finds no *Brady*[1] material, but the fact of her cooperation with law enforcement and the United States generally speaking is proper grounds for cross-examination as it relates to her testimony in the case *sub judice*. Therefore, the Defendant may not inquire as to the specific incident of Bailey's cooperation and revelation of her cooperation to her co-conspirators, but he may inquire as to her cooperation with the Government generally. The Court notes that it is aware that the Government has already taken measures to provide *Brady* material regarding Bailey to the Defendant.

### Defendant's Motion in Limine with Citations (Document No. 116)

The Defendant has presented various motions under the heading of one motion and the Court addresses each in turn.

First, the Defendant seeks an order of Court limiting the Government's presentation of the

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

8

element of the offense related to Defendant's prior felony conviction to only one of the three prior felony convictions set forth in the Indictment. Defendant's Motion, pp. 1-2. The Government has included three prior felony convictions in its indictment of the Defendant under 18 U.S.C. § 922(g)(1). *See* Redacted Indictment (Document No. 2). However, the Government has indicated that as a result of the parties' stipulation it will not introduce evidence of each of the Defendant's three prior felony convictions in its case-in-chief.

The Court previously addressed the admissibility of the photographs of the Defendant possessing firearms under Rule 404(b) and therefore indirectly addressed the issues in the Defendant's next motion, the "Motion to Exclude as Evidence a Photograph of the Defendant Holding Two Handguns". Therefore, the Defendant's motion is denied in accordance with the Court's foregoing analysis and ruling. The Court has also addressed the issue of testimony regarding the Defendant's possession of firearms on previous occasions and therefore, the Defendant's "Motion to Exclude the Testimony of Tila Madden" is likewise denied in accordance with the Court's ruling above. The Defendant's "Motion to Exclude Admission of Documents referencing the "Black Guerilla Family" Gang and the Defendant's Affiliation with Same" have been mooted by the aforementioned stipulation. This motion is denied as moot.

Finally, the Defendant presents a "Motion to Exclude from Evidence Certain Other Photographs Found in the Safe". Defendant's Motion, pp. 8-9. The Government in its Response (Document No. 130) at page four has agreed not to seek the introduction of the photographs that are the subject of this motion in its case-in-chief, but will only permit its witnesses to make reference to their recovery of "'personal photographs' of the defendant from the safe." This response moots the Defendant's motion

9

and therefore the motion is denied as moot.

In order to facilitate counsel's preparation for trial the Court enters the following Order and will keep that portion of the Defendant's Motion in Limine regarding the admissibility of the taped telephone conversation between the Defendant and Erica Paul under advisement until after completion of the *Starks* hearing on the afternoon of Friday, November 14, 2008 and will issue a decision on that issue separately and as soon as possible.

**AND NOW**, this 14th day of November, 2008, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT, with the exception of the Court's reservation on ruling on the admissibility of the Defendant's taped telephone conversation from the Cambria County Prison, the United States' Rule 404(b) Notice and Motion in Limine (Document No. 115) is GRANTED IN PART and MOOTED IN PART as set forth previously in this Memorandum Order; IT IS FURTHER ORDERED THAT with the exception of the Court's reservation on ruling on the admissibility of the Defendant's taped telephone conversation from the Cambria County Prison, the Defendant's Motion in Limine with Citations (Document No. 116) is DENIED IN PART and MOOTED IN PART as set forth previously in this Memorandum Order.

BY THE COURT:

*[signature]*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**