IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
      v.
TYRONE D. WILLIAMS,
      Movant

: Case No. 3:07-cr-5-KRG-KAP
: Case No. 3:12-cv-229-KRG-KAP

## Report and Recommendation

### Recommendation

Tyrone Williams filed a motion to vacate his conviction under 28 U.S.C.§ 2255. docket no. 188. It should be denied without a certificate of appealability.

### Report

This Court sentenced movant Tyrone Williams on December 17, 2009, to a term of 120 months imprisonment, after a change of plea on November 18, 2008, to Count One of an indictment charging him with violating 18 U.S.C.§ 922(g)(1), unlawful possession of a firearm in interstate commerce after previous conviction of a felony. Williams' motion to vacate sought to vacate his sentence on four grounds: 1) that his conviction was obtained by unlawfully seized evidence (or by his unlawful arrest); 2-3) that his attorney, William McCabe, Esquire, was ineffective for advising him to plead guilty when he did not know how much time Williams was facing, and for failing to subpoena unnamed witnesses on Williams' behalf; and 4) Williams had previously been offered a plea calling for 72 months imprisonment but Williams' former counsel, Markéta Sims, Esq., told him that if he pleaded guilty he would get a sentence of 18 years. In the brief Williams filed, docket no. 190,

he addressed one claim only: that McCabe advised him as trial was underway that a sentence of 72 months was possible if he pleaded guilty and avoided being designated an armed career criminal under 18 U.S.C.§ 924(e), and this advice was clearly erroneous. Williams alleges that he pleaded guilty "under the assurances of counsel of a 72 month sentence" and "but for" those assurances he would not have changed his plea. docket no. 190 at 5. Williams filed a subsequent memorandum at docket no. 194.

Williams changed his plea to guilty after trial commenced in this matter: his plea colloquy is part of the record at docket no. 154. The major issue hammered out in the memorialization of the conditional guilty plea was Williams' preservation of his ability to challenge the legality of the search that resulted in the government obtaining the firearm that Williams was charged with possessing unlawfully. In the course of the plea colloquy, the Court advised Williams of the potential maximum sentences, docket no. 154 at 134, and specifically asked Williams whether he understood that the Court may sentence him to the statutory maximum and that no definite prediction of a sentence could be made until a presentence report was prepared. Williams replied in the affirmative. docket no. 154 at 132-33. Later the Court specifically asked Williams whether anyone had made any promises other than those of record to induce him to change his plea. Williams replied in the negative. docket no. 154 at 141-42.

The Supreme Court stated, in <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977), that:

> [S]olemn declarations in open court carry a strong presumption of verity [and] [t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Williams does not present any specifics in support of his claim that McCabe promised him a particular sentence, much less why Williams was then allegedly induced by McCabe or other persons to falsely conceal that promise under oath.

The bare allegation that defense counsel told the defendant about a possible plea or assured the defendant of a particular sentence, where that allegation is contradicted by the record, does not give the defendant a basis for vacating his sentence. Nor does it give rise to a need for an evidentiary hearing, or even the conducting of discovery to see if the allegation is truthful. See <u>Gilchrist v. United States</u>, 2012 WL 4520469 (D.Md. 2012)(denying discovery to movant alleging his attorney failed to disclose a plea offer more favorable than the result at trial).

The Third Circuit has not ruled on this issue directly but <u>Zilich v Reid</u>, 36 F.3d 317 (3d Cir.1994) illuminates the issue. There, a habeas corpus petitioner alleged that he entered a plea to a child molesting charge only because his attorney promised that the judge could be bribed for $4000.00 to guarantee a probationary

3

sentence. The state courts, despite holding evidentiary hearings at which some witnesses testified in a manner supporting the claim that defense counsel had solicited a $4000.00 bribe, denied relief without reaching the merits of the claim. The district court read the record and denied relief on the merits of the bribery claim. The Court of Appeals vacated and remanded, holding that the specific and supported allegations required an evidentiary hearing on the bribery claim. The Court of Appeals noted the exceptional nature of the case:

Nor do we hold that every habeas corpus petitioner is entitled to a hearing in federal court merely because the petitioner has made certain allegations that, if true, would entitle him or her to relief.

36 F.3d at 322.

Other courts have ruled similarly in parallel cases. In the Fourth Circuit, a defendant who moved to vacate on the grounds that jurors were tampered with or influenced by news reports was not given leave to interview the jurors. United States v. Roane, 378 F.3d 382, 402-03 (4th Cir. 2004), cert. denied, 546 U.S. 810 (2005). That is so notwithstanding that if the jury were tampered with, the defendant would certainly be entitled to a new trial.

A motion to vacate under 28 U.S.C.§ 2255, because it is a guard against extraordinary malfunctions in the criminal justice process and not just a second shot at an appeal, ought to be reserved for those cases in which specific and credible allegations make a plea invalid or inequitable. Williams does not present any

4

specific or credible allegations that would allow the inference that his change of plea was not knowing and voluntary. The motion to vacate, docket no. 188, should be denied without a certificate of appealability.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 19 September 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Tyrone Williams, Reg. No. 11213-068
    F.C.I. Beckley
    P.O. Box 350
    Beaver, WV 25813